[No. 20001.  Department One.  December 30, 1926.]

ELIZABETH F. SPARKS, *Respondent,* v. S. S. MORITZ, *Appellant.*[1]

[1] MASTER AND SERVANT (4, 13-1)—STATUTORY REGULATION—HOURS OF SERVICE—MINIMUM WAGE. Neither the law, Rem. Comp. Stat., §§ 7623 to 7640, or the order of the industrial welfare committee fixing a weekly minimum wage for women, applies to an employee who does not give full time to the earning of a living wage and works only in connection with another calling or no calling a few hours per day or a few hours per week, rendering intermittent service.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered February 15, 1926, upon findings in favor of the plaintiff, in an action for wages, tried to the court.  Reversed.

*H. B. Noland,* for appellant.

HOLCOMB, J.—This appeal is here on the findings of fact, conclusions of law and judgment, and without any appearance or argument on behalf of respondent. The action is one by an adult woman for an alleged balance in wages for the operation of a passenger elevator. She had contracted with appellant to operate the elevator in a building owned by him, which the findings describe as a four-story building with a basement beneath, for a stipulated salary of ten dollars per month. When she left the building and ceased to operate the elevator, she settled with her employer for rent for rooms occupied by her in the same building, and the wages at the contract price, giving her note for fifty-one dollars as the balance in appellant's favor.

In her complaint, she alleged that she performed the services of elevator operator from February 1, to April

[1]Reported in 251 Pac. 583.

20, 1924, for a period of three hours a day, amounting in all to two hundred and forty hours; from April 20 to June 1, 1924, five hours per day for week days and seven and one-half hours on Sundays, amounting to two hundred and twenty hours in all; that from July, 1924, to April 1, 1925, she performed such services for three hours per day during week days and four hours per day on Sundays continuously during such time, amounting in all to eight hundred and twenty-seven hours. She alleged that, under the laws of the state of Washington regulating minimum wages and hours for women in industry, the compensation for the occupation for which she was employed was fixed by the department at thirteen dollars per week of forty-eight hours as such minimum wage, and that for such lawful minimum wage and hours per week her services were of the value of $348.40, of which the sum of $176.75 had been paid, and there was then due the sum of $171.65, for which she demanded judgment.

By answer and cross-complaint, appellant admitted the performance of labor as an elevator operator in the building referred to, but denied that the work was continuous or that respondent worked eight hundred and twenty-seven hours as alleged, and alleged that her employment was not full time employment, but that, under the terms of the agreement of employment, she did not agree to work and devote her whole time to the operation of the elevator, but was privileged to devote her time, or devote part of her time, to her own household and other personal duties, and was not obliged, under the agreement to remain upon and operate the elevator continuously during her alleged hours of labor, and that she did absent herself from the elevator during the alleged hours of employment about four-fifths of that time.

It is further alleged that very little of respondent's time was required to operate the elevator in the building in question, and that the contract was made with reference to that fact, of which she was well aware at the time she took the employment. It is denied that respondent was entitled to receive the sum of $348.40, and affirmatively alleged that she had been paid in full for her services under her contract. Appellant then set up by his cross-complaint the note referred to, which had been given by respondent to appellant as the balance due plantiff after settlement of their mutual account, for rent and for services as elevator operator. The affirmative allegations were denied by reply, except that it was admitted that the note referred to was given.

The trial court found that on August 5, 1921, the industrial welfare committee of this state made its order wherein and whereby the kind of service involved herein was classified as public housekeeping industry; that, when any female over the age of eighteen years was engaged in that industry, she should be paid a weekly wage of not less than $14.50 per week of forty-eight hours, or a daily wage rate of $2.50 per day of eight hours, or an hourly wage rate of not less than thirty-five cents per hour. The trial court also found that, during the trial, respondent was allowed to amend her complaint to allege the minimum wage of $14.50 per week, instead of $13.20 as alleged in the original complaint.

The trial court found that respondent operated the elevator, during the hours for which she was employed to operate it, for three hours each day from February 1, 1924, to April 20, 1924; for four hours each day on week days and seven hours per day on Sundays, from April 20, to June 1, 1924; for three hours per day on

week days and four hours per day on Sundays, from July 16, 1924, to April 1, 1925; that the total number of hours of service performed was 1,233, which, divided into weeks of forty-eight hours each amounted to 25.7 weeks. The trial court further found that seasonably, during the trial, appellant raised the question that the minimum wage law for women in this state is unconstitutional, and in violation of section 3, article I of the constitution of Washington, and section 12, article I of the constitution of Washington, and in violation of, and contrary to the provisions of the Fifth and Fourteenth Amendments to the Federal constitution, in that the minimum wage law violates the guaranty of liberty of contract, and of equal protection of the law.

From these facts, the court concluded that respondent was entitled to recover, under the industrial welfare committee's order, the sum of $373.65, of which there remained due her the sum of $196.90, and that there was due from her to appellant, on account of the promissory note mentioned, the sum of $78.90, leaving a balance due respondent of $118, for which judgment was entered.

Among other things, as conclusions of law, the trial court concluded that ch. 174, Laws of 1913, p. 602-608 [Rem. Comp. Stat., §§ 7623-7640], is unconstitutional and invalid under the decision of the supreme court of the United States in *Adkins v. Children's Hospital of District of Columbia,* 261 U. S. 525, 67 L. Ed. 785, 43 S. Ct. 394, in so far as respondent is concerned, but that nevertheless it was the duty of the trial court to follow the decision of this court in the case of *Larsen v. Rice,* 100 Wash. 642, 171 Pac. 1037, wherein it was held that the statute above mentioned is constitutional and valid.

[1]  Regardless of the decision of the United States supreme court in the *Adkins* case, *supra,* which probably has the effect of overruling this court in *Larsen v. Rice, supra,* respondent was not entitled to recover for another reason.  Her employment was not such employment as came within the provisions of the minimum wage law and order.  Neither the law nor the order of the industrial welfare committee required the payment of the weekly minimum, when the employee does not devote her time to the earning of a living wage, but, in connection with another calling, or with no calling, works a few hours per day, or a few hours per week, or renders intermittent service.  The statute does not apply to such a situation.  *Miller Telephone Co. v. Minimum Wage Commission,* 145 Minn. 262, 177 N. W. 341.

We shall ignore the question of the constitutionality of the law under the Federal constitution and under the decision of the supreme court in the *Adkins* case, *supra,* until, if ever, that question is urgently necessary in a proper case for decision.

For the reasons mentioned the judgment is reversed, and the case remanded to the superior court with instructions to enter a judgment that respondent take nothing by her action, leaving the judgment on the note given by her to appellant standing.

TOLMAN, C. J., MITCHELL, MAIN, and FULLERTON, JJ., concur.